### GURNEY *v.* KENNY.

Where stolen goods were sold to the defendant's wife, who knew of the theft; it was *held*, that the defendant was not liable to the owner for their value, without proof of a demand upon him before suit brought, there being no evidence that the defendant himself had any knowledge of the transaction.

Evidence of the former honesty of a witness, who admits the commission, by him, of various larcenies, is not admissible to sustain his character for truth.

APPEAL by the defendant from a judgment of one of the district courts. The facts appear sufficiently in the opinion.

BY THE COURT. INGRAHAM, FIRST J.—The judgment in this case must be reversed, for the want of proof of a demand and refusal.

The action is against the defendant, for goods sold to the defendant's wife, by a clerk of the plaintiff. The clerk was

called as a witness, and stated that he stole them from the plaintiff and sold them to defendant's wife, she knowing they were stolen. There is no evidence that the defendant had any knowledge even of the delivery of the goods to the wife, and he was entitled to have notice, at least, that the goods had been so received, and an opportunity afforded him by a demand to return the same, before he could be held responsible for the conversion of them. The law is severe in holding a person responsible for goods sold to him by another who has feloniously obtained them.

If the defendant had received the property himself, knowing it to have been stolen, then no demand would have been necessary in the old action of trover. But where the defendant, without fault on his part, comes into the possession of goods which belong to another, or where he is sought to be held liable, as in this case, constructively, on account of the possession of another person, without knowledge by him of any tortious act having been committed, a demand and refusal are necessary before an action can be maintained for the goods.

In a case of this kind, such a rule appears to be peculiarly proper. The liability of the defendant, without such demand, can only be sustained on the supposition that he had knowingly purchased stolen goods from a thief. A recovery upon such a ground would be upon the idea that the defendant had been guilty of a crime, and it appears to me to be wrong, where there is no evidence whatever of the defendant's guilt, to allow a recovery without proof of a demand.

The evidence to sustain the character of the plaintiff's witness was improperly admitted. It should have been as to his truth and veracity, and not as to his honesty. The opinion of a witness, that the boy was honest, could have little weight against his own testimony, that he had committed numberless larcenies.

How far the justice was required to give credit to the boy when he was contradicted by other witnesses, was for him to decide, although it may well be doubted whether the testi-

mony of an accomplice, or rather the principal criminal, unsupported by other testimony, should be deemed sufficient to charge a defendant in a case of this kind.

Judgment reversed.